UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN MICHAEL BALE,

           Plaintiff,

    v.

RUSSELL D HAUGE,

           Defendant.

CASE NO. C14-5572 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
AUGUST 22, 2014

       The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

       Plaintiff has filed a proposed complaint (Dkt. 1). The Court has reviewed the complaint at the screening stage pursuant to 28 U.S.C. § 1915A. As explained below, the Court recommends dismissing this action for failure to state a claim because defendant Hague has absolute immunity and plaintiff cannot seek release from prison through a civil rights action. This dismissal would count as a strike pursuant to 28 U.S.C. 1915(g).

REPORT AND RECOMMENDATION - 1

|   |   |
|---|---|
| 1 | FACTS |
| 2 | Plaintiff names the prosecuting attorney for Kitsap County, Russell Hauge, as defendant |
| 3 | (Dkt. 1).  Plaintiff alleges that he was held 32 days in custody prior to arraignment (Dkt. 1). |
| 4 | Plaintiff seeks six million two hundred thousand dollars in damages and release from prison. |
| 5 | DISCUSSION |
| 6 | The Prison Litigation Reform Act changed the processing of prisoner pro se complaints |
| 7 | in a number of ways, one of which applies here. Courts now review complaints to determine if |
| 8 | the complaint is frivolous, fails to state a claim, or seeks relief from a defendant who is immune |
| 9 | from monetary relief.  *See* 28 U.S.C. §1915A. |
| 10 | A.    Absolute immunity. |
| 11 | Defendant Russell Hauge -- the Kitsap County prosecutor -- cannot be sued for damages |
| 12 | for filing charges and prosecuting plaintiff.  Prosecutors are entitled to absolute immunity from |
| 13 | liability for damages pursuant to 42 U.S.C. § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 427 |
| 14 | (1976).  Prosecutorial immunity protects a prosecutor who "acts within his or her authority and |
| 15 | in a quasi-judicial capacity."  *Kalina v. Fletcher*, 522 U.S. 118 (1997).  If the prosecutor acts as |
| 16 | an advocate "'in initiating a prosecution and in presenting the State's case,'" absolute immunity |
| 17 | is warranted.  *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. |
| 18 | 1984) (*quoting Imbler*, 424 U.S. at 430-31). |
| 19 | A prosecuting attorney who initiates and prosecutes a criminal action is immune from a |
| 20 | civil suit for money damages in a civil rights action.  *Imbler v. Pachtman*, 424 U.S. 409, 431 |
| 21 | (1976).  A prosecutor's activities in connection with the preparation and filing of charges are |
| 22 | protected by absolute immunity.  *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).  Neither a |
| 23 | conspiracy nor a personal interest will pierce a prosecutor's absolute immunity.  *Ashelman*, 793 |
| 24 |   |

1 F.2d at 1078.  Prosecutorial immunity extends to the process of plea bargaining as an integral

2 part of the judicial process.  *Miller v. Barilla*, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

3       Thus, plaintiff's claims against the attorney who represented the state in his criminal

4 action fail as a matter of law.  The Court recommends dismissing plaintiff's action at the

5 screening stage for failure to state a claim.

6       B.      Release from prison.

7     Plaintiff seeks release from prison in this action (Dkt. 1).  If a plaintiff is challenging the

8 very fact or duration of physical imprisonment, and the relief sought will determine whether

9 plaintiff is or was entitled to immediate release or a speedier release from that imprisonment,

10 plaintiff's sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475,

11 500 (1973).

12       The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted

13 available state remedies has no cause of action under § 1983 unless and until the conviction or

14 sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

15 corpus."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The Court added:

16       Under our analysis the statute of limitations poses no difficulty while the state
      challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
17       § 1983 cause of action for damages attributable to an unconstitutional conviction
      or sentence does not accrue until the conviction or sentence has been invalidated.

18 *Id*. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be

19 made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily

20 to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would

21 necessarily imply the invalidity of the judgment or continuing confinement, then the challenge

22 must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*,

23 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

24

1 Plaintiff's action cannot proceed as a civil rights action. The Court recommends
2 dismissal without prejudice to plaintiff filing a habeas corpus petition.

3 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
6 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
7 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
8 August 22, 2014, as noted in the caption.

9 Dated this 29th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge